**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

JACOB P. EDNEY                                                                 PLAINTIFF

V.                                                              NO. 4:24-CV-58-DMB-DAS

RICKY D. COLLINS; and
AG-CON, LLC                                                               DEFENDANTS

## OPINION AND ORDER

Following the defendants' removal of this case from state court, Ricky D. Collins moves to dismiss Jacob P. Edney's complaint against him based on insufficient service of process, lack of personal jurisdiction, and failure to timely perfect service. Edney moves to remand the case as not timely removed. Because service on Collins was insufficient, his motion to dismiss will be granted. And because removal was timely, remand will be denied.

## I
### Procedural History

On March 21, 2024, Jacob P. Edney filed a complaint in the Circuit Court of Washington County, Mississippi, against Ricky D. Collins and AG-CON, LLC, alleging Collins' negligence while operating a vehicle owned by AG-CON caused Collins to collide with his vehicle. Doc. #2. According to the proof of service Edney filed, a process server delivered the summons and complaint to Collins' mother at 230 North 10th Street, Eunice, LA 70535, by means of "Substitute Service – Abode" on April 1, 2024. Doc. #9-2 at PageID 125, 126. AG-CON was served on May 31, 2024. Doc. #11-8 at PageID 160.

On June 24, 2024, the defendants removed the case to the United States District Court for

the Northern District of Mississippi,[1] asserting diversity jurisdiction.[2]  Doc. #1.  Two days later, Collins filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(5), and 4(m).[3]  Doc. #9.  On July 8, 2024, Edney filed a response to the motion to dismiss, Doc. #13; and a motion to remand the case, Doc. #15.  On July 12, 2024, Collins replied in support of his motion to dismiss, Doc. #17;[4] and both defendants responded in opposition to Edney's remand motion, Doc. #18.

Because the outcome of the motion to dismiss will determine the outcome of the motion to remand, the Court will first address the motion to dismiss.

## II
## Motion to Dismiss

### A.  Standards

#### 1.  Rule 12(b)(5)

"A motion to dismiss pursuant to [Federal Rule of Civil Procedure] 12(b)(5) turns on the legal sufficiency of the service of process."  *Holly v. Metro. Transit Auth.*, 213 Fed. App'x 343, 344 (5th Cir. 2007).  "[O]nce the validity of service of process has been contested, the plaintiff bears the burden of establishing its validity."  *Henderson v. Republic of Tex. Biker Rally, Inc.*, 672

---

[1] Though the removal notice is filed and signed on behalf of both defendants, Collins separately filed a "Joinder in Removal" the next day.  Doc. #3.

[2] The removal notice alleges that Edney is a Mississippi citizen, Collins is a Louisiana citizen, AG-CON is a Louisiana citizen by virtue of the citizenship of its sole member, and Edney's complaint "demands recovery of damages … 'in an amount in excess of $75,000.'"  Doc. #1 at PageID 2–3.

[3] Collins initially filed the motion to dismiss on June 25, Doc. #5; but because he failed to file his exhibits in accordance with Local Rule 7(b)(2), the Court of the Clerk terminated the motion and instructed Collins to refile it.  After Collins refiled the motion, United States Magistrate Judge David A. Sanders stayed the case pending a ruling on the motion to dismiss.  Doc. #12.

[4] On July 16, 2024, without requesting or obtaining leave of the Court, Edney filed a surreply in support of his response to the motion to dismiss.  Doc. #21.  "[T]here is no right to file a surreply and surreplies are 'heavily disfavored.'"  *RedHawk Holdings Corp. v. Schreiber*, 836 Fed. App'x 232, 235–36 (5th Cir. 2020).  "[A] district court abuses its discretion when it denies a party the opportunity to file a surreply in response to a reply brief that raised new arguments and then relies solely on those new arguments in its decision."  *Id.*  Since Edney did not seek leave to file a surreply and does not argue Collins raised new arguments in his reply, the Court will not consider Edney's surreply.

Fed. App'x 383, 384 (5th Cir. 2016) (quoting *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992)).

### 2. Rule 12(b)(2)

> A party may challenge the Court's exercise of personal jurisdiction by filing a motion pursuant to Federal Rule of Civil Procedure 12(b)(2). On a Rule 12(b)(2) motion, the party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists. The plaintiff need not, however, establish jurisdiction by a preponderance of the evidence; a *prima facie* showing suffices. … [A] court must accept the plaintiff's uncontroverted allegations, and resolve in his favor all conflicts between the facts contained in the parties' affidavits and other documentation.

*Bouchillon v. SAME Deutz-Fahr, Grp.*, 268 F. Supp. 3d 890, 896–97 (N.D. Miss. 2017) (cleaned up) (citing Fifth Circuit cases).

### 3. Rule 4(m)

Federal Rule of Civil Procedure 4(m) instructs that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

## B. Factual Allegations

On or about October 4, 2022, Jacob P. Edney, a citizen of Mississippi, was traveling south on Highway 1 in rural Washington County, Mississippi. Doc. #2 at 1, 2. At that time, Ricky D. Collins, a citizen of Louisiana, was traveling east on MS 454 attempting to turn left onto Highway 1 to travel in a northerly direction. *Id.* at 1, 2. Collins collided with the vehicle operated by Edney. Doc. #2 at 2. The vehicle Edney was operating was owned and maintained by AG-CON, LLC. *Id.* at 3.

## C. Insufficient Service and Lack of Personal Jurisdiction

In requesting dismissal for insufficient service of process and lack of personal jurisdiction

under Rules 12(b)(2) and 12(b)(5), Collins, relying on his affidavit, submits as relevant facts and

argument:

> On April 1, 2024, Edney filed in the state court record what was purported to be a proof of service of the summons and complaint on [him]. According to the return, service was attempted on April 1, 2024, by virtue of "Substitute Service – Abode." The recipient of the service was identified as "Nanacy Collins," and the service address was identified as "230 N. 10th Street, Eunice, LA 70535, St. Landry Parish."

> In contrast, [he] does not live at 230 N. 10th Street, Eunice, LA, nor is that his usual place of abode. Since approximately June of 2020, [his] residence and usual place of abode has been 3304 Duralde Highway, Eunice, LA. The Duralde Highway address was [his] residence and usual place of abode as of March 21, 2024, when this lawsuit was filed, and it was his residence and usual place of abode as of April 1, 2024, when [Edney] attempted to serve the summons issued to [him] by leaving it, along with the complaint, with a resident of 230 N. 10th Street, Eunice, LA.

> … [H]e has not resided at 230 N. 10th Street, Eunice, LA, at any time since the commencement of this action, including April 1, 2024.

> Because the attempted residential service on [him] was insufficient as a matter of law, personal jurisdiction is lacking.

Doc. #10 at 1–2 (internal citations omitted); *see* Doc. #9-3.

Edney responds that after he filed his complaint in state court on March 21, 2024, he

obtained "substitute service of process" on April 1, 2024, on Collins' mother at 230 N. 10th Street,

Eunice, LA 70535. Doc. #14 at 1. He argues:

> … Collins submitted a self-serving affidavit in support of his Motion to Dismiss stating that his residence since June of 2020 has been at an address different than 230 N. 10th Street, Eunice, Louisiana 70535, the address where his mother was served. Noticeably missing from that affidavit is the address he gave the highway patrolman who responded to the subject wreck and which appears on his driver's license. The wreck was on October 14, 2022 which is over two years after he contends he moved and no longer lived at 230 N. 10th Street, Eunice, Louisiana 70535.

> …

> As far as the State of Louisiana was concerned, Mr. Collins residence was at 230 N. 10th Street, Eunice, Louisiana 70535. It is important that the address be accurate

> for law enforcement, notification of relatives as well as for service of process purposes. Since Mr. Collins represented to the State of Louisiana and the investigating officer of the subject wreck that his residence was at 230 N. 10th Street, Eunice, Louisiana 70535, then serving process on him at that residence was proper.

*Id.* at 2–3. Edney further argues that unlike in *Wesley v. Mississippi Transportation Commission*, 857 F.Supp. 523 (S.D. Miss 1994), a case involving Miss. Code Ann. § 13-3-63, the nonresident motorist statute, where "[t]he Court found that service of process being mailed under the statute to an address provided by the defendant to law enforcement officers investigating a wreck was proper," in this case, "summons was served in accordance with the Mississippi Rules of Court for substitute service of process by leaving the summons and complaint with the defendant's mother at the address the defendant provided to the investigating officer of the subject wreck." *Id.* at 3. Edney does not address Collins' argument that the failure to properly serve process on a defendant means the district court lacks personal jurisdiction over that defendant. Though maintaining that Collins was properly served, in his response, Edney asks that, if he is "mistaken" about Collins being properly served, he "be granted an additional 90 days to serve [Collins] pursuant to Fed. R. Civ. P. 4(m)." Doc. #13 at 2.

Collins does not dispute that he resides in Eunice, Louisiana[5] but argues in reply:

> On the one hand, [Edney] submits that "substitute service of process" was made by leaving a copy of the summons and complaint on April 1, 2024, with [his] mother at an address taken from the Mississippi Uniform Crash Report for the October 4, 2022, accident at issue. Relying sheerly on the strength of the address gleaned from the accident report, [Edney] offers nothing which proves that address was [his] "usual place of abode" when the substitute service was attempted a year and a half later on April 1, 2024. [Edney] does not even argue that the address he relied on was [his] usual place of abode at the time of service.
>
> …
>
> In other words, [Edney's] unqualified position is that he left the summons and

---

[5] Doc. #17 at 4.

complaint at an address taken from an accident report, and that should be good enough to pass muster. The law disagrees.

For this analysis, the "district court must look to state law to ascertain whether service was properly made prior to removal." *Freight Terminals, Inc. v. Ryder System, Inc.*, 461 F.2d 1046, 1052 (5th Cir. 1972) (citing *Wright & Miller*, Federal Practice and Procedure § 1082 (1969) ("In determining the validity of service in the state court prior to removal, a federal court must apply the law of the state under which the service was made.")); see also *Taylor v. Bailey Tool Mfg. Co.*, 744 F.3d 944, 947 (5th Cir. 2014).

Doc. #17 at 1–2. Citing Mississippi Rule of Civil Procedure 4(d)(1)(B), Collins submits that Edney improperly served process on the wrong abode without attempting to personally serve him. *Id.* at 2–3. Collins contends *Wesley* does not apply here, as Edney attempted service under Mississippi Rule of Civil Procedure 4(d)(1)(B) rather than under Mississippi Code § 13-3-63, the statute guiding *Wesley*. *Id.* at 5.

Collins is correct that the validity of service on him must be examined under Mississippi law since this case originated in state court. *Taylor v. Bailey Tool Mfg. Co.*, 744 F.3d at 947 n.4. Mississippi Rule of Civil Procedure 4(d)(1)(A) provides that service on an individual "shall be made … by delivering a copy of the summons and complaint to him personally." Sub-subparagraph (B) of that rule specifies that only "if service under subparagraph (1)(A) … cannot be made with reasonable diligence," shall service then be made "by leaving a copy of the summons and complaint at the defendant's usual place of abode with the defendant's spouse or some other person of the defendant's family above the age of sixteen years who is willing to receive service, and by thereafter mailing a copy of the summons and complaint … to the person to be served at the place where a copy of the summons and complaint were left."

Because Edney did not attempt service through the Secretary of State pursuant to

6

Mississippi Code § 13-3-63,[6] its provisions do not apply here nor does *Wesley*'s holding. Rather, the sufficiency of service on Collins must be measured against Mississippi Rule of Civil Procedure 4(d)(1)(B). Collins' argument that Edney should have known to deliver the summons to his "usual place of abode" does prompt the question of whether Collins was obligated to put Edney on notice that his usual place of abode was different from the address he provided to the officer at the collision scene.[7] But under the hierarchy of service methods under Mississippi's civil procedural rules, the pivotal question is whether Edney attempted to personally serve Collins before utilizing substitute abode service.

Edney provides nothing indicating that he ever attempted to personally serve Collins. Consequently, service of process on Collins through substitute abode service was insufficient.[8] *See Triple C Transport, Inc. v. Dickens*, 870 So.2d 1195, 1201–1202 (Miss. 2004) (determining reasonable diligence was not exercised because "no explanation [was] offered as to why process was attempted by certified mail, rather than as provided by the Mississippi Rules of Civil Procedure."). Where service of process is insufficient, personal jurisdiction is lacking. *Sun South LLC v. Bayou Vista LLC*, 281 So.3d 980, 983 (Miss. Ct. App. 2019). Collins must be dismissed.

### D. Failure to Perfect Service

Collins argues Edney failed to perfect service because:

---

[6] Section 13-3-63 of the Mississippi Code provides that "the operation by a nonresident of a motor vehicle on any public street, road or highway of this state, … shall be deemed equivalent to an appointment by such nonresident of the Secretary of State of the State of Mississippi to be his true and lawful attorney, upon whom may be served all lawful processes or summonses in any action or proceeding against him, growing out of any accident or collision in which said nonresident may be involved …." Miss. Code Ann. § 13-3-63.

[7] A defendant's evasion of service or engagement in misleading conduct creates good cause for a plaintiff to thwart a motion to dismiss for insufficient service of process. *Lewis Ent., Inc. v. Brady*, 142 So.3d 396, 399 (Miss. 2014). Edney does not argue that Collins evaded personal service.

[8] The Court acknowledges that Collins' failure to provide his correct address to the officer at the scene of the collision is a convenient excuse for Collins to challenge service after learning Edney never attempted with reasonable diligence to personally serve him, particularly given service upon Collins' mother, which could have indicated to Edney that he would not be able to locate Collins at that address.

> Rule 4(m), for its part, requires a defendant to be served within 90 days of the filing of the complaint. Upon failure to do so, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time," unless the plaintiff has shown good cause for the failure, in which event the court "must extend the time for service for an appropriate period." FED. R. CIV. P. 4(m).
>
> Here, [Edney's] complaint was filed on March 21, 2024, and as of the date of this motion, more than 90 days has expired without service being perfected on [him]. Unless [Edney] shows good cause for this failure, the rules require that either the action be dismissed without prejudice as to [him] or an order issue that service be made within a specified time.

Doc. #10 at 4. Edney responds that his initial service of process upon Collins was sufficient and thus presents no argument that there was good cause for the insufficient service. Doc. #14 at 3. However, Edney requests an additional ninety days to perfect service should the Court find his initial attempt at service was insufficient. Doc. #13 at 2.

> Collins replies:
>
> [Edney's] response does not directly address [his] argument that FED.R.CIV.P.4(m) affords separate, but related, grounds for dismissing [Edney's] complaint due to [Edney's] failure to perfect service within 90 days of the filing of the complaint. [Edney] merely concludes his response by stating, in the alternative, that "the plaintiff should be granted an additional 90 days to serve [him]." By comparison, Rule 4(m) requires [Edney] to show "good cause" for the failure to effect timely service. If [Edney] can show good cause for the failure, then the Court "must extend the time for service for an appropriate period." *See* FED.R.CIV.P.4(m).

Doc. #17 at 6.[9]

Edney has not shown good cause for the insufficient service nor did he serve Collins within ninety days. And the Court will not consider Edney's request for additional time to perfect service—as Local Rule 7(b)(3)(C) instructs, "[a] response to a motion may not include a counter-motion." In short, Edney's claims against Collins will be dismissed without prejudice.[10]

---

[9] Collins continues, "While no good cause was offered by [Edney], there is no objection to extending the time for service on [him] for an appropriate period should the Court find [Edney's] request well-taken." Doc. #17 at 7.

[10] To the extent the statute of limitations has not run, *see* Miss. Code Ann. §15-1-49, Edney may refile his complaint against Collins. For that reason, the Court declines to apply the heightened standard of review to provide additional

### III
### Motion to Remand

"On a motion to remand, the removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. … Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand*." Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 212 (5th Cir. 2013) (cleaned up).

Edney argues that if "Collins was properly served, then remand of this case is mandated" because AG-CON "removed this case on June 24, 2024, which is well after the 30 days had expired from the date of service on … Collins." Doc. #16 at 1, 2. Edney repeats the arguments he made in response to Collins' motion to dismiss to the extent his motion to remand hinges on whether service on Collins was proper. *Id.* Collins responds:

> …[E]ven assuming for argument's sake that Collins was properly served prior to removal, then the later-served defendant, AG-CON, had its own 30-day window in which to remove the case and the allegedly earlier-served defendant, Collins, could join in and consent to that removal, "even though [Collins] did not previously initiate or consent to removal." *See* 28 U.S.C. § 1446(b)(2)(C). That also occurred. Not only did AG-CON, along with Collins, remove the case within 30 days of service of process [Doc. 1], but Collins also filed a separate joinder and consent to the removal as authorized by 28 U.S.C. § 1446(b)(2)(C) [Doc. 3].

Doc. #19 at 4. Edney did not reply.

28 U.S.C. § 1446(b) provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

---

time for service absent good cause. *See Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325–26 (5th Cir. 2008) (heightened standard of review applies under Rule 4(m) "where the applicable statute of limitations likely bars future litigation.").

28 U.S.C. § 1446(b). Because Collins was not properly served[11] and will be dismissed and because AG-CON—the first and only properly served defendant—was served on May 31, 2024, the June 24, 2024, removal of this case was proper. *See Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1261 n.9 (5th Cir. 1988) ("Defendants (at least those not citizens of the forum state) who are unserved when the removal petition is filed need not join in it."). Remand will be denied.

**IV**
**<u>Conclusion</u>**

Collins' motion to dismiss [9] is **GRANTED** and Edney's motion to remand [15] is **DENIED**. Edney's claims against Collins are **DISMISSED without prejudice**.

**SO ORDERED**, this 28th day of March, 2025.

**/s/Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**

---

[11] Collins' consent to removal does not constitute his waiver of service. *See Blanco v. Knight Transp., Inc.*, No. P:21-cv-40, 2021 WL 8053509, at *3 (W.D. Tex. Dec. 7, 2021) ("'Defects concerning service of process are waivable,' and 'the right to waive these defects is personal to the party upon whom service of process is attempted.'").